# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Case No.: 3:20-cv-00407-MMD-WGC

MARK SEVERNS,

    Plaintiff

v.

STATE OF NEVADA, et. al.,

    Defendants

**Order**

Re: ECF No. 1-2

Plaintiff, through his inmate assistant Kentrell Welch, has filed a motion for appointment of counsel. (ECF No. 1-2.) The motion states that Plaintiff is illiterate, has been adjudicated incompetent due to brain injuries and suffers from mental cognizance disabilities that curb his ability to read, write, articulate or communicate his thoughts past a grade school child's level. (ECF No. 1-2.)

District Judge Du issued a screening order that, among other things, dismissed the complaint with leave to amend, making any amended complaint due within 30 days of the date of entry of a decision on Plaintiff's motion for appointment of counsel. (ECF No. 10.)

Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted); *see also United States v. $292,888.04,* 54 F.3d 564, 569 (9th Cir. 1995). 28 U.S.C. § 1915, however, governs in forma pauperis proceedings and provides that the court may request an attorney to represent a person who cannot afford counsel. 28 U.S.C. § 1915(e)(1). Such an appointment is within the court's discretion, and should only be done when "exceptional circumstances" are present. *Palmer*, 560 F.3d at 970 (citation omitted); *Agyeman v.*

*Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether these circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer,* 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir 1983)); *Agyeman*, 390 F.3d at 1103. "Neither of these considerations is dispositive and instead must be viewed together." *Palmer,* 560 F.3d at 970 (citation omitted).

Within **14 days** of the date of this Order, the Attorney General's Office shall file a notice with the court indicating whether it will enter a limited appearance for the purpose of responding to Plaintiff's motion for appointment of counsel. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance. If a limited appearance is entered, then within **21 days** of the date of this Order, the Attorney General's Office shall file a response to the motion for appointment of counsel along with the *relevant* medical/mental health and other records (*i.e.,* if there are criminal case records concerning Plaintiff's competency), and if appropriate, a declaration from a person from the Nevada Department of Corrections (NDOC) with knowledge of Plaintiff's medical/mental health condition (the records may be filed under seal). The court will then set this matter for a telephonic hearing.

///

2

1      The Clerk of the Court shall electronically **SERVE** a copy of this Order as well as a copy

2 of Plaintiff's motion for appointment of counsel (ECF No. 1-2) and the screening order (ECF No.

3 10) on the Nevada Attorney General's Office by adding the Nevada Attorney General's Office to

4 the docket sheet. This will not constitute a general appearance.

5 **IT IS SO ORDERED**.

6 Dated: May 24, 2021

7 _____
          William G. Cobb

8           United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23